NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2733
_____

UNITED STATES OF AMERICA

v.

JOSEPH BRANT,
Appellant


_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 3-15-cr-00156-001)
Honorable James M. Munley, District Judge
_____

Submitted under Third Circuit L.A.R. 34.1(a)
March 17, 2017

BEFORE:  GREENAWAY, JR., SHWARTZ, and GREENBERG, Circuit Judges

(Filed: April 19, 2017)

_____

OPINION*
_____


_____

*This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

GREENBERG, Circuit Judge.

This matter comes on before this Court on an appeal from a sentence that the District Court imposed on defendant-appellant Joseph Brant on June 2, 2016, following his plea of guilty to a violation of the Sexual Offender Registration and Notification Act, 18 U.S.C. § 2250(a). Brant had been convicted in a state court in New York for a sexual offense involving a minor in 2000 and consequently was required to register as a sex offender under New York law. The registration requirements included an obligation to update his registration in New York within ten days if he moved his residence. Brant moved to Pennsylvania in December 2014 but did not update his registration in New York or promptly register in Pennsylvania though he ultimately untimely registered as a sex offender in Pennsylvania after the initiation of these proceedings against him.

As a result of his offense, a grand jury in the Middle District of Pennsylvania indicted him on July 28, 2015, for a violation of 18 U.S.C. § 2250(a).[1] The indictment led to plea negotiations that culminated in a plea agreement filed on February 12, 2016, that included a provision that Brant "waive[d] the right to appeal [from his] conviction and sentence." Supp. App. at 18. In the presentence report the probation officer determined that his offense level was 13 and his criminal history category was VI, calculations that established without dispute that his advisory custodial range was 33 to

---

[1] The indictment is ambiguous because it does not indicate whether Brant's underlying state law offense was a failure to update his New York registration or a failure to register in Pennsylvania. Nevertheless, Brant did not move to dismiss the indictment in the District Court and he does not challenge it on this appeal. The transcript of the plea proceedings suggests that the Assistant United States Attorney thought that Brant's offense was his failure to register in Pennsylvania.

41 months. The District Court sentenced Brant to a 41-month custodial term to be followed by five years of supervised release. Notwithstanding the waiver of his right to appeal, Brant has appealed as he contends that the 41-month sentence "was unreasonable under the totality of circumstance surrounding this case." Appellant's br. at 4. The District Court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction under 28 U.S.C. § 1291.

We will dismiss this appeal. As we indicated in United States v. Khattak, 273 F.3d 557, 558 (3d Cir. 2001), a waiver of the right to appeal in a plea agreement is valid and enforceable provided that the defendant entered into the agreement knowingly and voluntarily. In Khattak, we indicated that we might allow an appeal even in the face of a waiver if enforcement of the waiver could result in a miscarriage of justice. Id. at 563. Here there is no such miscarriage of justice that requires us to entertain the appeal. After all, the Court imposed a sentence within, though at the top of the sentencing guideline range, and Brant does not claim that he was not guilty of the offense for which he was indicted.

For the foregoing reasons, we will dismiss this appeal.